**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | | |
|---|---|---|
| DAVID FARNSWORTH, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| DEBT RECOVERY SOLUTIONS, LLC, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and Defendant transacts business in this district.

**PARTIES**

4. Plaintiff David Farnsworth ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Debt Recovery Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal cellular telephone services (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated January 17, 2013, that provided the notices required by 15 U.S.C. § 1692g(a) *et seq.*  (See January 17, 2013 Correspondence, attached as Exhibit A).

12. Plaintiff sent Defendant written communication dated February 3, 2013, and in such communication, disputed the Debt and requested verification of the Debt. (See February 3, 2013 Correspondence, attached as Exhibit B).

13. Defendant received Plaintiff's February 3, 2013 written communication on February 8, 2013 at 7:58 A.M.  (See USPS Delivery Confirmation, attached as Exhibit C).

14.     In connection with the collection of the Debt, Defendant placed a call to Plaintiff's residence on February 11, 2013 at 7:05 P.M., and at such time, left a pre-recorded voicemail message stating it was attempting to collect the Debt.

15.     Prior to February 11, 2013, Defendant had not provided Plaintiff with verification of the Debt.

16.     By placing the February 11, 2013 telephone call to Plaintiff, Defendant continued collection activity with respect to the Debt without having first provided verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

17.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

18.     Defendant violated 15 U.S.C. § 1692g(b) by continuing collection activity without having first provided verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury.

This 16th day of April, 2013.

ATTORNEYS FOR PLAINTIFF
*David Farnsworth*

Respectfully submitted,

s/ Jeanne Lahiff_____
Jeanne Lahiff, Esq.
NY Bar No. 2252435
*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012